IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MELANIE RENEE JOINER )
 )
    v. ) NO. 3:22-cv-00062
 )
JOHN WILDER YOUTH )
DEVELOPMENT CENTER, )

**TO:   Honorable Eli Richardson, District Judge**

## R E P O R T  A N D  R E C O M M E N D A T I O N

Plaintiff Melanie Renee Joiner ("Plaintiff"), a Wisconsin resident, filed this *pro se* lawsuit against John Wilder Youth Development Center, of Somerville, Tennessee ("Defendant) on January 31, 2022, asserting claims under Title VII of the Civil Rights Act of 1964 and state law. Because Plaintiff paid the full civil filing fee, there was no screening of the complaint and the case was referred to the Magistrate Judge for pretrial proceedings. *See* Order entered February 3, 2022 (Docket Entry No. 5). For the reasons discussed below, the undersigned Magistrate Judge respectfully recommends that this case be dismissed without prejudice under Fed. R. Civ. P. 4(m).

Plaintiff was advised in the referral order and again in an order entered February 7, 2022 (Docket Entry No 6), that she was responsible for having a summons issued and serving process on Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure. Plaintiff was further advised in both orders that Rule 4(m) provides that the defendant must be served within 90 days after the complaint is filed. She was further advised that the Court, in the absence of a

showing of good cause for failure to serve the defendant, must dismiss the case if the defendant is not served within this time period.

The docket in the case reflects that Plaintiff has not taken steps to have a summons issued and that Defendant has not been served with process. The docket also reflects that the two orders entered by the Court were not returned as undeliverable, indicating that they were received by Plaintiff.[1] Finally, the docket does not show that Plaintiff has had any contact with the Court since filing her complaint.

Rule 4(c)(1) states that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Rule 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Because Plaintiff has not served Defendant within the time period required by Rule 4(m), this action must be dismissed. The Court notes that Plaintiff was specifically advised in two orders that the action would be dismissed if process was not timely served on Defendant. Although Plaintiff is proceeding *pro se,* she must still comply with the basic procedural rules applicable to all litigants. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Aug. v. Caruso*, 2015 WL 1299888, *6 (E.D. Mich. Mar. 23, 2015) ("*pro se* parties must follow the same

---

[1] Even if the orders were not delivered, the address used was that provided by Plaintiff in her complaint. (Docket No. 1 at 1.) Local Rule 41.01(b) provides that the failure of a *pro se* party to timely notify the Court of a change in address may result in dismissal, which, if Plaintiff's address has changed without proper notice to the Court, would be an additional basis for dismissal. Local Rule 41.01(b).

rules of procedure that govern other litigants"). Further, this case cannot proceed in the absence of service of process upon Defendant.

## RECOMMENDATION[2]

For the reasons set out above, it is respectfully RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[2] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action, and the fourteen-day period for filing objections provides her with the opportunity to show good cause why the action should not be dismissed.

3

Case 3:22-cv-00062   Document 7   Filed 07/18/22   Page 3 of 3 PageID #: 54